UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30], DENYING PLAINTIFF'S MOTION TO CONSLIDATE [18], DENYING PLAINTIFF'S SECOND AMENDED PETITION FOR WRIT OF MANDAMUS [34], AND DENYING PLAINTIFF'S REQUEST FOR CONVERSION [44]

### I.   Introduction

Before the Court is Defendant Department of Water and Power's ("LADWP") motion to dismiss Plaintiff Marvin Brown's First Amended Complaint ("FAC"). ECF No. 30. The motion is GRANTED, as Plaintiff does not have standing to bring his claims. Because Plaintiff does not have standing, the Court also DENIES Plaintiff's motion to consolidate, his second amended petition for writ of mandamus, and his request for conversion. ECF Nos. 18, 34, 44.

### II.   Factual and Procedural Background

Plaintiff's First Amended Complaint makes the following allegations:

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

Plaintiff Marvin Brown is the Founder, Owner, Managing Member, and Principal Consultant for Maverick Consulting Group, LLC ("Maverick"). FAC ¶ 19. Plaintiff does not specify exactly what services Maverick provides. But based on its name, the Court assumes that Maverick provides general consulting services. *See id.*

Plaintiff, acting in his capacity as the managing member of Maverick, submitted three separate proposals to bid on contracts with the Los Angeles Department of Water and Power between 2015 and 2021. *Id.* ¶¶ 30, 33, 35. First, in October 2015, Plaintiff placed a bid with LADWP for Maverick to perform the "Utility Underwriting Loan Process." *Id.* ¶ 30. Maverick, however, did not win the bid. *Id.* ¶ 31. Rather, a company called Los Angeles, LDC won the bid, even though their application lacked the required small business enterprise certification and included a false affidavit. *Id.*

In response to losing the bid, Plaintiff made several California Public Records Act requests for the scoresheets, bid results, and proposals involved in the 2015 bidding. *Id.* ¶ 32. These requests were largely unsuccessful. LADWP never released the LDC's proposal and only released the scoresheets two years later after Plaintiff filed a lawsuit in California state court. *Id.* ¶ 32. Plaintiff analyzed the bidding records released by LADWP and found that they had been modified by Los Angeles city attorney Mr. Dirk Brosemer. *Id.* ¶ 32.

In March 2018, Plaintiff once again submitted a bid with LADWP for Maverick to perform five Information Technology projects. *Id.* ¶ 33. But Maverick once again did not secure the bid. *Id.* Rather, LADWP "unfairly" eliminated Maverick from the bidding process. *Id.* In response, Plaintiff again submitted CPRA requests for the bidding results, but LADWP refused to release them. *Id.*

In December 2021, Plaintiff submitted a third bid with LADWP. This time, Plaintiff submitted a bid for Maverick to perform a "Credit Risk Assessment." *Id.* ¶ 35. LADWP was supposed to award the contract in March 2022, but LADWP extended that deadline without explanation. *Id.* ¶ 36. Then, on June 2, 2022, LADWP published its intent to award the contract to Pandora Consulting Associates, LLC. Curiously, LADWP refused to publish the bid results or release Pandora's proposal. *Id.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

Only after Plaintiff submitted a California Public Records Request and filed a writ of mandamus in California state court did LADWP release the records at issue, which it did in July 2022. *Id.* ¶ 38. These records revealed that Pandora was ineligible to win the contract because its proposal did not include a cost proposal or a fixed bid price. *Id.* In fact, Plaintiff's bid had the highest score of all the submitted proposals. *Id.* ¶ 38. By its own rules and regulations, LADWP is supposed to award the contract to the proposal with the highest score. *Id.* ¶ 45.

In December 2022, Deputy City Attorney Mr. Mark Reusch published additional records regarding the 2021 bidding. *Id.* ¶ 39. Analysis of these records, however, revealed that they had been modified to conceal the fact that Pandora's proposal earned a low score. *Id.* ¶ 40. Comparative analysis of the records released in July 2022 with the records released in December 2022 showed that Pandora's overall scores in the December 2022 records were over 100 points higher than its overall scores in the July 2022 records. *Id.* ¶ 41. A comparison of the records revealed other qualitative changes to Pandora's application that made Pandora's bid appear more appealing. *Id.* ¶ 42. What's more, an analysis of emails disclosed in 2022 revealed that LADWP's buyer, Mr. Andrew Castro, agreed with Pandora to fix their proposal to remedy its initial deficiencies, errors, and omissions. *Id.* ¶ 43.

In response to these events, Plaintiff, together with Maverick, filed claims against LADWP, the Los Angeles City Attorney's Office (Legal Division), and Pandora (collectively, "Defendants"). ECF No. 1. Plaintiff filed a first amended complaint on July 25, 2024. ECF No. 11.

Neither Plaintiff nor Maverick was represented by counsel (i.e., they were "pro se"). On June 28, 2024, the Court informed Maverick that by the local rules of the Court, organizations such as Maverick cannot proceed pro se. ECF No. 8. The Court granted Maverick 30 days to obtain counsel. *Id.* Maverick did not do so, thus leading the Court to dismiss Maverick from the case on August 14, 2024. ECF No. 16.

Finally, on September 30, 2024, LAPD and the City Attorney's Office moved to dismiss Plaintiff's claims. Pandora joined their motion the next day on October 1, 2024. ECF No. 31.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

### IV. Discussion

#### A. Standing

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). "When assessing a party's standing at the pleading stage, we accept all facts alleged in the complaint as true." *Id.* at 408 (citing *Vaughn v. Bay Env't Mgmt. Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)).

Standing requires three elements: an "injury in fact," a causal connection between the injury and the defendant's conduct, and the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

"An injury in fact must be concrete and particularized, . . . actual or imminent, [and] not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 102. To be concrete and particularized, the injury must be real and must affect the plaintiff in a personal way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). An injury in fact is not limited to physical or monetary harms. "[V]arious intangible harms including . . . reputational harm" suffice as an injury in fact. *TransUnion LLC v. Ramirez*, 549 U.S. 413, 417 (2021). The second element, that there be a causal connection between the injury and the defendant's conduct, requires that the plaintiff "demonstrate[e] that her injury-in-fact is . . . fairly traceable to the challenged action." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018).

"Generally, a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983); *see also Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969) (holding that it is a "fundamental rule that even though a stockholder owns all, or practically all, of the stock in a corporation, such a fact does not authorize him to sue as an individual"). The exception to this general rule is when the shareholder is "injured directly and independently of the corporation." *Graves*, 709 F.2d at 595.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

This rule applies equally to limited liability companies ("LLC") and their members. Indeed, "[t]he members of an LLC generally do not have standing to sue on the basis of injuries sustained by the LLC." *NovelPoster v. Javitch Canfield Grp.*, No. 13-cv-05186-WHO, 2014 WL 5687344, at *3 n.2 (N.D. Cal. Nov. 4, 2014). This is because "[m]embers of an LLC do not have an ownership interest in property to which the LLC holds title." *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439-OWW, 2011 WL 2433289, at *3, *4 (E.D. Cal. June 13, 2011). Accordingly, "[w]here the gravamen of the complaint is injury to an LLC's property, the right of action lies with the LLC, not the individual members of the LLC. Members of an LLC [therefore] lack individual standing to prosecute claims for injury to the LLC's property." *Id.*

In this case, the only injury at issue is LADWP's award of contract bids to entities other than Maverick. While this is certainly an injury to Maverick, Maverick is not a party to this case. The Court dismissed Maverick from the case in August 2024, leaving Marvin Brown as the sole remaining plaintiff. And Plaintiff, even as Maverick's sole member, "do[es] not have standing to sue on the basis of injuries sustained by [his] LLC." *See NovelPoster*, 2014 WL 568733, at *3 n.2.

To be sure, a financial injury to Maverick certainly has a negative financial effect on Plaintiff. But this financial injury is derivative of Maverick's injury, and thus Plaintiff was not "injured directly and independently of the [LLC]." *See Graves*, 709 F.2d at 595. The standard rule that "[m]embers of an LLC lack individual standing to prosecute claims for injury to the LLC's property" therefore applies. *See Sinclair*, 2011 WL 2433289, at *3, *4.

Because Plaintiff cannot establish standing, the Court must dismiss his claims.

V.      **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Court is skeptical that Plaintiff will be able to remedy the deficiencies in his claims. However, because this is Plaintiff's first amended petition, the Court will nonetheless dismiss Plaintiff's claims WITHOUT PREJUDICE. Plaintiff

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05152-SVW-JPR | Date | November 27, 2024 |
|---|---|---|---|
| Title | *Marvin Brown v. Department of Water and Power et al.* | | |

is granted 14 days to amend his petition. If that amended petition fails to correct the deficiencies identified in this order, his claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |